IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

KORUGIC VEHBIJA,           ]
                           ]
        Petitioner,        ]
                           ]
vs.                        ]           CV-08-WMA-RRA-2091-M
                           ]
MICHAEL MUKASEY, et al.,   ]
                           ]
        Respondents.       ]

MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. The petitioner, Korugic Vehbija, a native and citizen of Bosnia, is incarcerated at the Etowah County Jail, in the custody of the Bureau of Immigration and Customs Enforcement ("ICE").

In support of his petition, Vehbija offers the following:

> The Petitioner entered into the United States as a non-immigrant on or about September 22, 1994. An Immigration Judge ordered the Petitioner removed to Bosnia, on July 2, 2008. The Petitioner never appealed the honorable Judge's decision and as such his removal was final on that same day.

*Petition* at 3. Vehbija concludes that since his order of removal was final on July 2, 2008, he is due to be released from custody since "the six-month presumptively reasonable removal period" has expired. *Id*. at 5. He urges that this court order his release from custody, pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), because his removal is "unlikely to occur in the reasonable forseeable future." *Id*. at 4.

In *Zadvydas*, the Supreme Court held that § 1231(a) "does not permit indefinite detention." The Court therefore fashioned a presumptive rule that after six months of custody, the alien should

be released if there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 701.

Section 241(a) of the INA, 8 U.S.C. § 1231(a) provides that the Attorney General is afforded a 90-day period to accomplish the alien's removal from the United States following the entry of a final order of deportation or removal. *See* 8 U.S.C. § 1231(a)(1)(A)-(B).[1] In *Zadvydas*, the United States Supreme Court held that section 241(a) of the INA authorized detention, after entry of an administratively final order of deportation or removal, for a period reasonably necessary to accomplish the alien's removal from the United States. *Zadvydas*, 533 U.S. at 699-700. The Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish an alien's removal after the removal period has commenced. *Id.* at 701.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

---

[1] Section 1231(a)(1)(B) provides:

The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final;

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

2

*Id.* As long as removal is reasonably foreseeable, the alien's potential dangerousness or risk of his committing further crimes may be considered in determining whether to retain custody. *Zadvydas*, 533 U.S. at 700.

In this case, the removal period began to run on July 2, 2008, when the order of removal became. *See* 8 U.S.C. § 1231(a)(1)(B)(i). Accordingly, petitioner's ninety-day removal period expired on October 2, 2008, and the six-month presumptively reasonable post-removal period will expire on January 2, 2009. *See Zadvydas*, 533 U.S. at 700-01. The six-month period must have expired at the time Vehbija's § 2241 petition was filed in order to state a claim under *Zadvydas*. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir.2002). Vehbija filed the instant petition on November 6, 2008. Because the *Zadvydas* six-month period will not expire until January 2, 2009, the habeas petition is premature.

Accordingly, the petition is due to be dismissed without prejudice since it was prematurely filed.

An appropriate order will be entered.

Done this 12th day of November, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE